IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK L. ROPEL,

      Plaintiff,

vs.                                                                                   Civil No. 07-1166 JH/RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court upon Plaintiff's "Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum" ("Motion") **[Doc. No. 14]**, filed April 7, 2008.  Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act.  Having considered the parties' submittals, the administrative transcript ("Tr."), the relevant authorities, and being otherwise advised in the premises, the Court recommends that Plaintiff's Motion be granted and this matter be remanded for further proceedings.

    2. Plaintiff protectively applied for benefits on December 6, 2004, alleging a disability that commenced on December 15, 1998 due to Hepatitis C and gallstones.  (Tr. at 19, 78).  Plaintiff alleged that his ability to work was limited by "swellin[g] in legs, swelling in liver, pain, [and] mental confusion."  (Tr. at 80).  In his request for a hearing before the ALJ, dated July 11, 2005, Plaintiff stated that his "confusion . . . shoulder pain and fatigue are worse."  (Tr. at 128).

3. Plaintiff was born on December 19, 1950 and has completed two years of college. (Tr. at 59, 83). Plaintiff's past employment history includes jobs in "art supply sales," "intake [for] goodwill industries," and "outsite repair [for the] phone company." (Tr. at 85).

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

6. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988). At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work.

Reyes, 845 F.2d at 243.

7. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 15, 1998. (Tr. at 21 ¶ 1). At step two, the ALJ found that Plaintiff "has impairments due to hepatitis C infection and gallbladder disease that are severe and an impairment due to varicose veins that is not severe . . . ." (Tr. at 21 ¶ 2). At step three, the ALJ determined that Plaintiff did not meet or medically equal one of the listed impairments. (Tr. at 21 ¶ 3). At step four, the ALJ found, *inter alia*, that Plaintiff has the RFC for the full range of medium work and "has no past relevant work." (Tr. at 25 ¶ 5, 26). At step five, the ALJ conclusively applied the Medical-Vocational Rules ("Grids") and concluded that Plaintiff is not disabled. (Tr. at 26).

*Discussion*

8. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ improperly analyzed a treating physician's opinion; (2) the ALJ erred in failing to recontact the treating physician; (3) the ALJ erred in conclusively applying the Grids; and (4) the ALJ erred in assessing Plaintiff's credibility. (See Motion at 1, filed Sep. 15, 2006 **[Doc. No. 9]**).

*RFC finding*

9. In alleging error regarding the ALJ's application of the Grids, Plaintiff argues that substantial evidence does not support a finding that Plaintiff is capable of medium work.[1] Plaintiff primarily contends that the ALJ erred by failing "to include the impact of Mr. Ropel's

---

[1] Plaintiff's decision to list a step four error as a subpart in his allegation of error at step five is unclear and confusing.

severe fatigue in the RFC finding." (Motion at 12). However, it is not necessary to consider whether the RFC appropriately addressed allegations of fatigue, because the Court finds that an absence of evidence in the record regarding Plaintiff's abilities precluded a proper RFC determination.

10. "The ALJ should assess RFC once, in detail, at step four." Adkins v. Barnhart, 80 Fed.Appx. 44, 48, 2003 WL 22413920, at **4 (10th Cir. Oct. 23, 2003) (citing Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996) (other citations omitted)) (not selected for publication). Moreover, "[t]he ALJ must make specific findings as to RFC and these findings must be supported by substantial evidence." Id. (citations omitted). Here, however, the ALJ determined that Plaintiff retains the RFC for the full range of medium work, without pointing to any evidence to support her conclusion.

11. No medical source has offered an opinion regarding Plaintiff's capacity for walking, standing, sitting or lifting weight. Thus, there is no medical evidence to substantially support a finding that Plaintiff is capable of medium work. There is a total lack of evidence regarding Plaintiff's capabilities. "For these reasons, the ALJ could not make any RFC determination- there is no evidence for it." Id.

*Duty to develop the record / Recontacting medical source*

12. The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Social Security Ruling 96-8p. Because a disability hearing is nonadversarial, the ALJ is obligated to develop the record, even where a claimant is represented by counsel. Thompson, 987 F.2d at 1492. Lacking substantial evidence on which to base an RFC finding, the ALJ should have recontacted Plaintiff's treating physician or other

medical sources.[2]  See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001) (citations omitted); 20 C.F.R. § 404.1512(e) (Recontacting medical sources); see also Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  Although the ALJ has the authority to subpoena records or testimony, she may also choose to order a consultative examination.  See § 404.950(d)(1); § 404.1512(f).   Here, the ALJ erred in failing to adequately develop the record.

13. Because this matter should be remanded for further proceedings, to include development of the record and a re-assessment of Plaintiff's RFC, there is no need to address Plaintiff's remaining allegations. On remand, the Commissioner should proceed as necessary, based on the receipt of additional evidence and the re-assessment of Plaintiff's RFC.  Finally, in recommending remand, the Court emphasizes that no particular result is dictated; rather, this matter should be remanded only to ensure that substantial evidence supports the Commissioner's findings and that correct legal standards are applied in reaching a decision.

### *Conclusion and Recommendation*

In sum, I find that the ALJ failed to adequately develop the record and her RFC assessment is not based on substantial evidence.  The Court recommends that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum **[Doc. No. 14]** be granted and that this matter be remanded to the Commissioner for additional proceedings consistent with this opinion to include: (a) adequate development of the record, and (b) a re-assessment of Plaintiff's RFC.  The Commissioner should proceed, as necessary, based on the

---

[2]At the hearing, the ALJ told Plaintiff's non-attorney representative: "I will wait if you want to inquire of the treating physician and settle the question whether Mr. Ropel can, what he can lift and what he can do in standing and walking so if you want to present a functional questionnaire to a treating physician I would wait for that." (Tr. at 332).  Nevertheless, the ALJ issued a decision in the absence of a functional report from any medical source.

receipt of additional evidence and the re-assessment of Plaintiff's RFC.

Timely written objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).


_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE